IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES (U.S.A.) | : | CIVIL ACTION |
| Plaintiff, | : | NO. 03-0084 |
| v. | : | |
| SMITH & NEPHEW, INC., | : | |
| Defendant. | : | |

## ORDER

The Court has carefully reviewed (1) Smith & Nephew's Motion to Stay Pending Reexamination of U.S. Patent Nos. 6,623,486 and 7,128,744 (Docket No. 178), (2) Synthes' Opposition thereto (Docket No. 183), and (3) the procedural history and substance of this matter.

Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.  Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983).  One purpose of the reexamination procedure is to eliminate trial of issues (when claims are canceled) or to facilitate trial of issues by providing the District Court with the expert view of the PTO (when claims survive the reexamination process).  Gould, 705 F.2d at 1342; see also Canady v. Erbe Elektromedizin, GmbH, 271 F. Supp. 2d 64, 68 (D. D.C. 2002) (noting that granting a stay "allow[s][for] the reexamination of patent validity in an impartial forum at almost 100 times less cost to the parties by people trained to understand the technologies described in the patents").  This view coincides with that of Congress:

> "It is believed by the committee that stay provisions [in the statute] are unnecessary in that such power already resides with the Court to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure.  It is anticipated that these measures

> provide a useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner."

Gould, 705 F.2d at 1341 (quoting H.R. Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980), U.S. Code Cong. & Admin. News 1980, pp. 6460, 6463)).  Thus, "[w]hen a district court stays patent validity proceedings before it until completion of a reexamination proceeding, that stay must be accepted if the purpose of the reexamination statute is to be preserved." Id.

As a result, "[g]ranting a stay [pending reexamination] is favored." Cross Atl. Capital Partners, Inc. v. Facebook, Inc., No. 07-2768, 2008 WL 3889539, *1 (E.D. Pa. Aug. 18, 2008); see also Alltech, Inc. v. Cenzone Tech, Inc., Civ. A. No. 06-153, 2007 WL 935516 (S.D. Cal. March 21, 2007) (holding that "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings") (quoting ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal.1994)).  Stays are particularly appropriate when the reexamination result might assist the court in making a validity determination or would eliminate the need to make an infringement determination.  Id. (citing In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F. Supp.2d 1022, 1023 (N.D. Cal. 2005)).  A stay, therefore, allows a court to avoid expending unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or narrowed by the patent reexamination process.

Although the Court is mindful of the lengthy history of this case, the Court finds in its discretion that, on balance, the relevant factors weigh in favor of granting the Motion to Stay in the interests of justice.[1]  First, a stay will likely result in some (perhaps significant) simplification

---

[1] In determining whether to grant a stay of patent litigation, the Court must consider: "(1) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and whether a trial date has been set." In re Laughlin Prods., Inc., 265 F. Supp. 2d 525, 530-31 (E.D. Pa.2003).

or elimination of issues in this case.[2]  Second, despite the setting of a trial date and conduct of discovery, much remains to be completed in this case, including nine summary judgment motions, a motion for bifurcation, pretrial filings, trial preparation, and trial; as such, a stay pending reexamination is likely to reduce the costs for both parties.[3]  Third, both parties have fair

---

[2] There are only three possible outcomes from the reexamination process and all three would simplify the issues remaining for trial: 1) the patent is found invalid and cancelled - resulting in no issue remaining for trial; 2) the patent is amended limiting the scope of its claims - and limiting the scope of claims that could possibly have been infringed; and 3) the patent is reaffirmed - removing an invalidity defense. The parties that request the reexamination are bound by its results.  See 37 U.S.C. § 315(c).  Based solely on statistics, there is a low likelihood that all claims will be cancelled; however, there is a significant chance that there will be some claim modification.  If the court allows this case to proceed there is a substantial risk that it and the parties will expend substantial resources in determining the validity of patent claims that may ultimately be cancelled or amended by the PTO.  Granting the stay will provide the court, as well as the parties, with the benefit of the PTO's expert analysis and could substantially limit or narrow the issues.

[3] See, e.g., Arlington Industries, Inc. v. Bridgeport Fittings, Inc., No. 3:CV-06-1105, 2008 WL 2595106 (M.D. Pa. June 27, 2008) (motion for stay granted where discovery was complete, five summary judgment motions were pending, and significant trial preparation remained).  See also Middleton, Inc. v. Minnesota Mining and Mfg. Co., No. 4:03-CV-40493, 2004 WL 1968669, *5 (S.D. Iowa Aug. 24, 2004) (granting stay where litigation was ongoing for eight years, discovery was complete, summary judgment motions were pending, and the parties were likely well into their trial preparation, on the grounds that judicial economy required a stay because it would prevent duplication of effort, the reexamination would simplify and narrow issues, and the court would benefit from the expertise of the PTO).  In making this decision, the Middleton Court
> acknowledge[d] the considerable expense already endured by the parties in the present action but note[d] that these costs will not be recouped by denying a stay and proceeding to a trial.  This may actually compound the parties' expenses if some or all of the issues need to be retried later as a result of the reexamination.... It is simply not efficient to rule on three motions for summary judgment, complete pretrial, and hold a full jury trial if all or part have to be redone.  The apparent scope of the reexamination, the technical expertise of the PTO, and the relationship to the issues in this case suggest to the Court a great likelihood that the continuing work of this Court would be impacted by the reexamination.  The judicial efforts that a stay would preserve outweigh any additional cost in staying the proceedings even at this late juncture.

Id.  See also, e.g., eSoft, Inc. v. Blue Coat Sys., Inc., 505 F. Supp. 2d 784 (D. Colo. 2007)

arguments as to prejudice or lack thereof and the Court concludes that issue is not outcome determinative.

AND NOW, this 13th day of July, 2009 , IT IS HEREBY **ORDERED** that:

1. The Motion to Stay Pending Reexamination of U.S. Patent Nos. 6,623,486 and 7,128,744 (Docket No. 178) is **GRANTED**;

2. The current Case Management Order is **STAYED** and this case is placed in **SUSPENSE** for statistical purposes until further Order of the Court upon completion of the patent reexamination process; and

3. The parties shall promptly notify the Court upon completion of the patent reexamination process, at which time the Court shall return this case to its active docket and schedule a conference to discuss the status of pending motions and the design of a new case management order.

/s/ C. Darnell Jones II
_____
C. Darnell Jones II                    J.

---

(holding that completed discovery does not necessarily counsel against a stay).  In so holding, that eSoft Court noted that:
> Substantial discovery has been spent conducted and the parties have submitted witness lists and three lengthy summary judgment motions. Yet far more time and resources remain to be spent before this matter is concluded. Two responses to motions for summary judgment must be submitted, the Court has not begun to review those motions, and much remains to be done by the parties and the Court to prepare this case for trial.

Id. (citing Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach. Inc., 68 U.S.P.Q. 2d 1755, 1758 (E.D. Mich.2003)).  Cf. Remington Arms Co., Inc. v. Modern Muzzleloading, Inc., No. 2:97-CV-00660, 1998 WL 1037920 (M.D. N.C. Dec.17, 1998) (denying a stay pending reexamination because discovery had closed, a trial date has been set, and both parties had submitted dispositive motions which were pending before the court).